890 F.2d 416
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Lois DENNIS, Petitioner-Appellant,
v.
NORTH AMERICAN COAL COMPANY, Director, Office of Workers'
Compensation Programs, U.S. Department of Labor,
Respondents-Appellees.
 No. 89-3346.
 United States Court of Appeals, Sixth Circuit.
 Dec. 1, 1989.
 
 Before KENNEDY and RYAN, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Petitioner Lois Dennis filed a claim for black lung benefits on February 9, 1979. The Department of Labor (DOL) denied the claim on March 14, 1980. The March 14 notice letter informed claimant of her appeal options and the relevant time limitations. The letter informed appellant that she could (1) submit additional evidence within 60 days, (2) request a hearing on her claim within 60 days, or (3) ask for reconsideration (modification) at any time within one year.[1] The letter informed petitioner that if she chose the third option, the scope of review would be narrow.
 
 
 2
 Petitioner elected the third option, moving for reconsideration on October 9, 1980. The DOL again denied benefits. Petitioner then timely moved to have an ALJ review the decision. On November 20, 1986, an ALJ conducted a hearing on this matter. At the hearing, the ALJ determined that the claim must be treated as a request for reconsideration pursuant to 20 C.F.R. Secs. 725.309(d) and 725.310. As such, claimant was required to establish that the DOL's original denial was based on a mistake of fact. On July 14, 1987, the ALJ denied petitioner's claim.
 
 
 3
 Petitioner timely appealed to the Benefits Review Board, which affirmed. The Board held that this claim was properly treated as a petition for reconsideration, and agreed that the evidence submitted by claimant did not establish that a mistake of fact had been made in the original determination. The Board also affirmed the ALJ's decision to exclude certain evidence, noting that there was a "failure to comply with the applicable rules concerning notice to employer and exchange of documents." Joint App. at 3.
 
 
 4
 Petitioner appeals the decision of the Benefits Review Board. Because we find that there was substantial evidence to deny petitioner's claim and that no evidence was improperly excluded, we AFFIRM the decision of the Benefits Review Board.
 
 
 5
 Petitioner's husband worked for respondent North American Coal Corporation for 31 years doing coal mining work. Petitioner's medical records indicate that he suffered from alcoholic gastritis, pancreatitis and syphilis. The certificate of death established that the cause of death was cardiac arrest due to acute myocardial infarction. The medical records contain no suggestion that he suffered from pneumoconiosis or any other coal dust related disease. The two x-rays noted in the record were both negative for pneumoconiosis.
 
 
 6
 When petitioner requested modification of the initial decision, she was required to submit proof that either a condition had changed or that a mistake was made when her claim was denied. Petitioner submitted what she characterized as "additional evidence," consisting of hospital records and three affidavits from co-workers of her deceased husband. The only other "additional evidence" claimant proffered was a report from Dr. Williams, her husband's physician. Joint App. at 587. This report was excluded under 20 C.F.R. Sec. 725.456 (the "twenty day requirement").
 
 
 7
 Petitioner first argues that the Agency erred by failing to apply the regulations of 20 C.F.R. Sec. 718. Petitioner took no action during the prescribed 60 day period after the DOL initially denied her claim. She waited approximately seven months before filing what she characterized as a "request for re-opening and reconsideration." Joint App. at 567. Federal Regulations dictate that such a "request" be treated as a petition for modification, subject to the "mistake of fact" standard. 20 C.F.R. Secs. 725.309(d), 725.310.[2]
 
 
 8
 Petitioner also argues that the Agency's decision to deny benefits is not supported by substantial evidence. As discussed above, the appropriate standard for a request for reconsideration is the "mistake of fact" standard. Section 725.310(a) provides that a decision may be modified only on specified, limited grounds:
 
 
 9
 (a) Upon his or her own initiative, or upon the request of any party on grounds of a change in conditions or because of a mistake in a determination of fact, the deputy commissioner may, at any time before one year from the date of the last payment of benefits, or at any time before one year after the denial of a claim, reconsider the terms of an award or denial of benefits.
 
 
 10
 20 C.F.R. Sec. 725.310(a).
 
 
 11
 Because this claim is one brought on the behalf of a deceased miner, petitioner cannot make a "changed conditions" argument. Thus claimant was required to prove that a mistake of fact was made in the original determination. To do so, claimant was required to introduce new evidence. Gill v. Alabama By-Products Corp., 8 B.L.R. 1-427, 1-429 (Benefits Review Bd.1986).
 
 
 12
 In the present case, as the ALJ found and the Board affirmed, petitioner offered no significant new evidence. Petitioner submitted what she characterized as "additional evidence." This evidence consisted of seven pages of hospital records, all of which had already been submitted to the DOL. Joint App. at 569-75. Petitioner also submitted three affidavits from co-workers of her husband. These affidavits indicate only that the miner had certain symptoms that were noted in the hospital records as well, and that were found not to be indicative of pneumoconiosis. Joint App. at 576-80. This new evidence therefore did not indicate that a significant mistake of fact was made in the initial determination. Accordingly, we find that there was substantial evidence to deny benefits.
 
 
 13
 Finally, petitioner argues that the Agency erroneously excluded pertinent medical evidence. The evidence to which petitioner is referring is a report prepared by Dr. Williams, who treated the decedent for over fifteen years prior to his death. Petitioner failed to exchange this evidence with the opposing parties at least 20 days before the hearing as required by 20 C.F.R. Secs. 725.456(b)(1) and 725.456(b)(2), which state:
 
 
 14
 (b)(1) Any other documentary material, including medical reports, which was not submitted to the deputy commissioner, may be received in evidence subject to the objection of any party, if such evidence is sent to all other parties at least 20 days before a hearing is held in connection with the claim.
 
 
 15
 (2) Documentary evidence, which is not exchanged with the parties in accordance with this paragraph, may be admitted at the hearing with the written consent of the parties or on the record at the hearing, or upon a showing of good cause why such evidence was not exchanged in accordance with this paragraph. If documentary evidence is not exchanged in accordance with paragraph (b)(1) of this section and the parties do not waive the 20 day requirement or good cause is not shown, the administrative law judge shall either exclude the late evidence from the record or remand the claim to the deputy commissioner for consideration of such evidence.
 
 
 16
 Id.
 
 
 17
 Petitioner argues that section 725.456 applies only to documentary evidence created by an expert witness, and that Dr. Williams was not proffered by petitioner as an expert witness. There is nothing in this section, however, to indicate that it is applicable solely to documentary evidence created by expert witnesses. Rather, the section applies to all documentary materials other than those transmitted to the Office of Administrative Law Judges. 20 C.F.R. Secs. 725.456(a), 725.456(b).
 
 
 18
 The twenty day requirement is excused where all the parties consent in writing or where a party shows "good cause why such evidence was not exchanged" in a timely manner. In the present case, the parties did not consent nor did a party establish good cause. The ALJ has discretion in determining whether the good cause requirement is met. 20 C.F.R. Sec. 725.456(b)(2). He acted within this discretion in excluding Dr. Williams' report.[3] Accordingly, we find that the ALJ properly excluded Dr. Williams' report.
 
 
 
 [1]
 With respect to the third option, the letter read as follows:
 NOTE: You have the right to ask for reconsideration of your claim if you write to this office within one year from the date of this letter, but only if your condition has changed, or a mistake was made when your claim was denied. If you request reconsideration, you must submit proof to support your request.
 Joint App. at 563 (emphasis in original).
 
 
 [2]
 This result is not "unfair," as petitioner argues, simply because she was not represented by counsel in the original proceeding. The DOL's notice letter to petitioner clearly explained the relevant time limitations
 
 
 [3]
 Petitioner advances several reasons why Dr. Williams' letter was relevant. The letter, however, was not excluded for irrelevance; it was excluded for untimely submission